UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| BILLIE MORGAN, | ) |
| Plaintiff, | ) Civil Action No. 2: 24-104-DCR |
| V. | ) |
| MICHELLE KING, Acting Commissioner of Social Security,[1] | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Billie Morgan appeals the Social Security Administration's denial of her claim for disability insurance benefits. Morgan contends that the Administrative Law Judge ("ALJ"), assigned to her case erred in determining her residual functional capacity ("RFC"). Upon review of the record and after considering the parties' arguments, the Court finds that the ALJ's decision is supported by substantial evidence in the record. As a result, the Acting Commissioner's motion for summary judgment [Record No. 10] will be granted, and Morgan's motion for summary judgment [Record No. 8] will be denied.

I.

Morgan filed an application for disability insurance benefits on February 3, 2022, alleging a period of disability beginning March 1, 2017. [*See* Administrative Transcript, pp. 136-38, 142-43; hereafter, "Tr."] Her claim was denied initially (June 7, 2022) and upon reconsideration (June 29, 2022). At her request, an administrative hearing was held on June

---

[1] Michelle King was named Acting Commissioner for Social Security on January 20, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the party defendant without the necessity of a motion by the parties.

- 1 -

6, 2023. [Tr. 35-58] Thereafter, ALJ Anne Shaughnessy issued an opinion denying Morgan's claim for disability benefits. [Tr. 8- 26] Morgan then sought review from the Appeals Council, but it denied her request on April 19, 2024. [Tr. 1-6] This matter is now ripe for judicial review following Morgan's exhaustion administrative remedies.

## II.

Morgan was 48-years-old when she applied for disability insurance benefits. She was employed previously as a vocational nurse and later as a deli meat slicer. [Tr. 40] However, Morgan stopped working in March 2017 due to alleged physical and mental issues. [*Id*. at 39] She alleges a disability onset date of March 1, 2017. Her last insured date is September 30, 2021. [Tr. 136-38 and 144]

The ALJ conducts a five-step analysis when evaluating social security disability claims. [Tr. 13] "At step one, the ALJ determined that Morgan did not engage in substantial gainful activity" during the relevant period. [Record No. 8, p. 3 (citing Tr. 13)] At step two, she found that Morgan suffered from "facet disease of the lumbar spine, diabetes mellitus, asthma, obesity, anxiety, and depression" during the relevant period. [*Id.*] The ALJ further found Morgan's "sleep apnea, epicondylitis of the right elbow, strabismic amblyopia of the left eye, and mallet deformity of the right little finger to be non-severe because there were no complaints related to the condition, and they did not cause limitations in the workplace." [*Id.* (citing Tr. 14)]

The ALJ classified Morgan's "hypertension and right ankle pain [as] non-severe because they were treated symptomatically, and [her] the ankle pain did not meet the durational threshold." [*Id.*] The ALJ concluded Morgan's left hip pain (resulting from a surgery in 2015) was non-severe because the complaints were "substantially present after the claimant's date

last insured," and "prior to this date there are not complaints which would not otherwise be attributed to her lumbar spinal condition." [*Id.*]. "Finally, the ALJ determined that other impairments alleged [by Morgan] . . . such as degenerative disc disease of the cervical spine and a left acetabular labral tear and COPD, were not considered because they 'were not present until after the expiration of claimant's eligibility for disability benefits.'" [Record No. 8, p. 3-4 (citing Tr. 14)]

"At step three, the ALJ considered listings 1.15 Disorders of the skeletal spine resulting in compromise of a nerve root(s), 1.18 Abnormality of a major joint(s) in any extremity, and 12.06 Anxiety and Obsessive-Compulsive Disorders, and found Morgan's impairments did not meet or medically equal any." [Record No. 8, p. 4 (citing Tr. 14)]  The ALJ then assessed Morgan's RFC, which she disputes.

Finally, ALJ Shaughnessy determined Morgan was capable of a "light work" RFC with limitations that the claimant could "never climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, and crawl; and should avoid all exposure to fumes, odors, dust, and gases." [*Id.* (citing Tr. 16)] ALJ Shaughnessy added that Morgan "could also understand, remember, and carry out simple instructions." Tr. 16.  The ALJ then determined Morgan could not perform her past relevant work at step four but found that there were jobs that exist in significant numbers in the national economy that she could perform at step five. [*Id.* (citing Tr. 19-20)] Those occupations were office helper (DOT 239-567-010, light, SVP 2) and routing clerk (DOT 222.687-022, light, SVP 2). [*Id.* (citing Tr. 20)].  Based on the foregoing, the ALJ concluded Morgan was not disabled. [*Id.*]

### III.  Legal Standard

A "disability" under the Social Security Act ("Act") is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). As noted above, claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

This Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his or her decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d

506, 509 (6th Cir. 2007). The ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

Morgan primarily disputes the RFC assigned by the ALJ. "Residual functional capacity is defined as the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). Morgan has the burden of proving the ALJ's RFC assessment was inaccurate. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). And because "[t]he claimant bears the burden of proof at steps one through four" Morgan must demonstrate a lack of substantial evidence supporting the ALJ's RFC determination. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009).

## IV.  Discussion

**The ALJ's RFC Assessment is Supported by Substantial Evidence.**

Morgan argues "[t]he ALJ did not properly consider each of [the] Plaintiff's impairments, both severe and non-severe, neither singly nor in combination, when assessing her residual functional capacity[.]" [Record No. 8, p. 1] In doing so, she alleges the ALJ did not individually consider her obesity, COPD, and diabetes and further did not consider her afflictions in the aggregate. These claims fail because the ALJ's determination that the plaintiff was capable of light work pursuant to 20 C.F.R. § 404.1567(b) (with additional limitations), is bolstered by substantial evidence. Further, Morgan does not meet her burden of proof. *See Jordan*, 548 F.3d 417.

**Obesity**

Morgan contends initially that "[t]he ALJ did not evaluate Plaintiff's obesity in any substantive way when assessing the RFC, evidencing a lack of consideration for this severe impairment[.]" [Record No. 8, p. 7] This assertion, however, is little more than semantic, because the ALJ's consideration of obesity was not insufficient. It was, instead, merely uniquely specified.

Administrative Law Judges are required to "follow agency rules and regulations." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). The Social Security Administration provided updated guidance for evaluating obesity via Social Security Ruling ("SSR") 19-2p, which replaced SSR 02–1p. SSR 19-2p dictates that an ALJ "must consider the limiting effects of obesity when assessing a person's RFC." SSR 19-2p, 2019 WL 2374244 at *4, (May 20, 2019). "A[n] [obese] person may have limitations in any of the exertional functions, which are sitting, standing, walking, lifting, carrying, pushing, and pulling. [They] may [also] have limitations in the nonexertional functions of climbing, balancing, stooping, kneeling, crouching, and crawling." *Id.* Notably, "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately." *Id.*

ALJ Shaughnessy made direct reference to Morgan's obesity and her consideration thereof. The ALJ noted, "[w]hile there are not limitations directly associated with this condition, the extent to which the claimant's weight impacts the symptoms associated with her other medically determinable impairments is fully considered in the residual functional capacity adopted herein." [Tr. at 18] Morgan argues that the ALJ's disregard of limitations directly stemming from obesity amounts to a lack of consideration, but the decision comports

with SSR 19-2p, which contemplates a consideration of obesity's effects on other impairments. *See* 2019 WL 2374244 at *4.

Further, after considering the entire record, the ALJ incorporated limitations due to Morgan's obesity into the assigned RFC, specifically mentioning "the claimant could never climb ladders, ropes or scaffolds; [and] could occasionally stoop, kneel, crouch, and crawl[.]" [Tr. 16] In summary, the ALJ adequately addressed Morgan's obesity in determining the RFC, both explicitly and implicitly as evinced by the limitations she included. Accordingly, the ALJ's RFC assessment will stand unless the plaintiff sufficiently demonstrates a lack of substantial evidence or the use of improper legal standards elsewhere.

## COPD

Morgan next claims the ALJ outright failed to consider her COPD in the RFC determination. This argument fails for two reasons. First, Morgan proffers no information that indicates she suffered from COPD *during the relevant time period*. Second, "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014). Because Morgan does not demonstrate any evidence of COPD symptoms during the period in question, the ALJ's RFC determination will stand.

Morgan initially cites instances during which she was diagnosed with COPD before September 2017, to challenge the ALJ's finding that Morgan's COPD was not present "until after the expiration of the claimant's eligibility for disability benefits." [Tr. 14] Even so, Morgan provides no evidence she suffered any symptoms of COPD between March 1, 2017, and September 30, 2021. "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th

- 7 -

Cir. 2004) (citing *Cornette v. Sec'y of Health & Human Servs.,* 869 F.2d 260, 264 n. 6 (6th Cir.1988)). And evidence of disability before the relevant time period is of little use if the plaintiff cannot identify COPD symptoms that affected her ability to perform work during the pertinent time. In light of a lack of evidence of any relevant symptoms in this period, Morgan has not sufficiently proven the ALJ's determination for the time period considered was erroneous. *Jordan*, 548 F.3d 417. Further, the ALJ specifically accommodated the plaintiff's other respiratory issues by including a restriction that encompassed "avoid[ing] all exposure to fumes, odors, dust, and gases[,]" rendering Morgan's assertions insufficient on another ground. [Tr. 16] But even overlooking the lack of evidence offered during the relevant window, Morgan identifies no links between her COPD diagnosis and disabling symptoms.

Morgan's COPD-related challenges to the ALJ's RFC findings also fail because even if she adequately presents a diagnosis, she produces insufficient evidence of symptoms warranting overturning the ALJ's decision. In *Hill*, the United States Court of Appeals for the Sixth Circuit held that a diagnosis alone is not enough to establish disability. 560 F. App'x at 551. Morgan argument fails because she "cites no evidence or authority to show that inclusion of . . . [COPD] as a[n] . . . impairment would have changed the ALJ's assessment of her functional limitations". *Id.* Further, the ALJ's decision is supported by substantial evidence. When Morgan received emergency dental care on November 30, 2017, she reported no shortness of breath, and exhibited normal breathing and pulmonary effort. [Tr. 547] This objective evidence would tend to demonstrate that any alleged COPD symptoms Morgan faced during the period were minimal. The Court is obligated to follow the ALJ's decision if the plaintiff cannot show the need for a more restrictive RFC. *Jordan*, 548 F.3d at 423. And here,

Morgan cannot establish the ALJ erred in declining to evaluate her alleged COPD in the RFC determination during the relevant time period.

### Diabetes

Morgan further contends the ALJ failed to consider Morgan's symptoms resulting from her diabetes mellitus in the RFC assessment. [Record No. 8, p. 10] Specifically, she claims that the ALJ failed to consider neuropathy symptoms and visual deterioration stemming from her diabetes. This assertion is incorrect, however, because the ALJ explicitly addressed and considered the plaintiff's diabetes and related symptoms.

First, Morgan alleges that the ALJ disregarded her diabetes mellitus-related neuropathy. But this contention runs contrary to the ALJ's opinion, in which she noted "[a] diabetic foot examination performed in August of 2020 revealed decreased sensation to light touch and the claimant suffered an ingrown toenail. The toenail was treated, and the claimant was instructed to wear wider shoes." [Tr. 18 (internal citation omitted)]

The plaintiff further avers the "light work" RFC assigned by the ALJ contravenes the plaintiff's balance limitations or the use of leg and foot controls. [Record No. 8, p. 10] However, Morgan again fails to cite to medical evidence to support her claim. Blind assertions that the RFC is not restrictive enough are insufficient to invalidate the ALJ's RFC determination, especially when in many cases, plaintiffs with significant supporting medical evidence are still unable to overcome the sufficient evidence standard. *See Mokbel-Aljahmi*, 732 F. App'x 395; *see also Jordan*, 548 F.3d at 423. Without more, Morgan's neuropathy-related grievances with the RFC amount to a request to reweigh evidence, which is outside the province of this Court. *See Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019).

Morgan's arguments concerning her eyesight and its impact on her ability to work are similarly contradicted by the record. While the plaintiff cites to many subjective instances where she proclaimed to have poor eyesight, the form *she and her husband* submitted to the Social Security Administration in support of disability benefits both reflected that she had no vision troubles. [Tr. 182 and 202] And Morgan still offers no medical evidence evincing a severe inability to see, except reports in which she claims to be unable to observe marks on syringes. [*See* Tr. 352, 370, 1029, 1086, 1119] If "this is not a shocking symptom for a lifetime diabetic to have[,]" [Record No. 8, p. 11] the lack of any objective evidence appears suspicious. And although the plaintiff was diagnosed with strabismic amblyopia in her left eye in an October 2020 ophthalmology visit, she was prescribed glasses and advised to return in a year. [Tr. 423] This does not corroborate the plaintiff's claims of an inability to see 20 inches away or less. If anything, it serves as substantial evidence Morgan's condition was remedied. Morgan diabetes-related claims fail because she fails to meet the burden to require a more restrictive RFC, and the ALJ's conclusions are supported by substantial evidence.

**Aggregate Impairment Consideration**

"SSR 96-8p provides that, in assessing residual functional capacity, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020) (cleaned up). In *Emard*, the Sixth Circuit ruled that an "ALJ's statements that she had considered the entire record and all of Emard's symptoms suggest that she had considered Emard's impairments in combination." *Id*. (citing *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589 (6th Cir. 1987)).

Here, the ALJ found Morgan's facet disease of the lumbar spine, diabetes mellitus, asthma, obesity, anxiety, and depression were severe impairments, and her sleep apnea, epicondylitis of the right elbow, strabismic amblyopia of the left eye, and mallet deformity of the right little finger were non-severe impairments. [Tr. 13-14] Following this determination, the ALJ expressly stated that she "considered all of the claimant's medically determinable impairments in assessing her residual functional capacity." [*Id.* at 14] The plaintiff's contention is thus refuted by the ALJ's explicit statement. And without any evidence to conclude the ALJ neglected to consider Morgan's individual impairments, Morgan's claims the ALJ's RFC determination lacked proper consideration are unfounded.

V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Morgan's motion for summary judgment [Record No. 8] is **DENIED**.

2. Defendant Acting Commissioner of Social Security Michelle King's motion for summary judgment [Record No. 10] is **GRANTED**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: January 28, 2025.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky